WINSOR *versus* CLARK *& als.*

If other facts or matters are incorporated into the certificate of justices of the peace and quorum, under § 31, c. 148, R. S., than those required in that section, such foreign matter will be treated as surplusage. The certificate is evidence *only* of the facts required to be inserted therein.

When a disclosure of a poor debtor is made in writing, *parol* evidence of its contents is inadmissible, unless it be shown that the original or a duly certified copy is unattainable.

A witness who is employed by a creditor to appear at the time of the disclosure of his debtor, cannot be allowed to testify as to his *intentions* of bringing a suit upon the bond, formed at the time of the hearing.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

DEBT, on a poor debtor's relief bond on execution.

The general issue was pleaded, and a brief statement filed of performance of one of the conditions of the bond.

After the plaintiff had introduced his judgment, execution and bond, the defendant produced a certificate of discharge of the principal defendant, signed by Samuel Kennedy and William Chism, two " disinterested justices of the peace and quorum."

This certificate, in addition to the form prescribed by c. 148, § 31, R. S., alleged, that said Kennedy was selected by the debtor and said Chism by the creditor's attorney, and both agreed to by the parties, they expressly waiving every objection to the residence of the justices and all other objections.

The certificate was objected to by plaintiff for not conforming to the statute, but was admitted subject to be impeached as to facts set forth therein and not required to be inserted in the statute form.

The plaintiff was permitted to show, against the objections of defendants, that Kennedy was a surety upon the bond in suit, and evidence was also introduced tending to prove that all objections to the magistrates were waived, and that no objections were waived excepting as to the residence.

The plaintiff proved that the disclosure of the debtor was in the hands of Kennedy, and that seasonable notice had been given to produce it; and he then was permitted to prove by parol the property disclosed, against the defendants' objections.

The counsel who brought the suit upon this bond, and who was present at the disclosure, testified as to what occurred at that hearing about the alleged " waiver," and said it was his intention to bring a suit on the bond if the debtor did not surrender himself to jail before it expired.

The evidence as to the " intentions" of the witness was objected to by defendant but admitted.

The instructions requested and refused, and the instructions given to the jury, are not required to be stated.

A verdict was returned for plaintiff for the amount of his demand, and exceptions taken to the rulings in the progress of the trial, to the refusals to instruct as requested, and to the instructions given; and the defendants also filed a motion to set aside the verdict as unsupported by the evidence.

*Lowell,* in support of the exceptions.

*Hubbard, contra.*

RICE, J.—By inserting in a poor debtor's certificate of discharge, matter not required by law to be inserted therein, such matter does not thereby become a part of the record and cannot be proved by a copy thereof. Though by inserting in such certificate facts or matters not required by law, the certificate will not thereby be invalidated, yet such irrelevant facts and matters will be treated as surplusage, and if it should become necessary to prove them upon trial they must be established in the same manner that they would have been, had they not appeared in the certificate.

The fact whether the parties to a poor debtor's disclosure, did or did not expressly waive all objections on account of the interest of one of the magistrates who heard the disclosure, is not proved by being included in the certificate of discharge to the debtor, such fact constituting no part of the certificate required by law.

Foreign, irrelevant and impertinent matter constitutes no part of a record by being improperly incorporated therein. The ruling upon this point was correct.

The disclosure of the debtor was taken by written interrogatories and answers. On the trial, in this case, the contents of that disclosure were proved by parol. But before the witness was permitted to testify as to the contents of the disclosure, the plaintiff had proved it to be in the possession of one of the defendants, and seasonable notice to his attorney to produce it on trial, which he refused to do.

The defendant objected to the introduction of this parol testimony, and we think it should have been excluded.

Section 26, c. 148, provides, when a disclosure is taken upon written interrogatories and answers, that the creditor may have a copy of the interrogatories and answers, certified by the justices, on paying therefor the same fees as for a deposition of the same length.

The law requiring the disclosure to be in writing if desired by the parties, and giving the creditor a right to a certified copy of that disclosure, such copy, in the absence of the original, is the legitimate evidence to prove the contents of the disclosure, and parol proof of the contents is not admissible until it is shown that neither the original, nor a copy duly certified is attainable. In this case there does not appear to have been any effort to procure such copy.

The plaintiff was also permitted to prove the " intentions," of Mr. Hubbard, his attorney, as to bringing a suit upon the bond, against the objections of the defendants. This testimony should have been excluded. Though standing alone it may not appear to have been material, yet when taken in connection with the question whether there was, or was not, an express waiver of all objections to one of the magistrates, on the ground of interest, a question which was of vital importance, it was calculated to have an influence on the minds of the jury. For these reasons a new trial must be had. There are other questions raised in the exceptions which it does not become material to examine.

*Exceptions sustained.*

*New trial granted.*